50 CCPA

**Application of Frances M. JOHNSON.**
**Patent Appeal No. 6911.**

United States Court of Customs
and Patent Appeals.
Feb. 13, 1963.

James W. Dent, Donald J. Rich, Washington, D. C., J. Warren Kinney, Jr., Cincinnati, Ohio, for appellant.

Clarence W. Moore, Washington, D. C., (Joseph F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Associate Judges.

MARTIN, Judge.

This is an appeal from a decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1–3, the only claims of the application Serial No. 763,530 filed September 26, 1958 for DUAL PURPOSE UNDERGARMENT.

Claims 1–3 read:

1. An under-garment comprising an elongate panel of lightweight, washable fabric having opposed side and end edges and inner and outer faces, elongate bands transversely spanning said inner face at opposite ends of the panel, and a pair of elastic strips one on each side thereof interconnecting opposite ends of the panel.

2. An under-garment comprising an elongate panel having opposed side and end edges and inner and outer faces, substantially rectangular elastic sub-panels transversely spanning the inner face of said panel at opposite ends thereof, and elastic strips each secured to, carried by and interconnecting opposite ends of the panel on opposite sides thereof, said strips adapted to extend around the hips with the inner face of the panel engaging the crotch of the wearer.

3. A dual purpose under-garment comprising an elongate panel having opposed side and end edges and inner and outer faces, an elongate sub-panel transversely spanning the inner face at each end of said panel for providing reinforced areas the entire width of said panel, elastic strips secured to and extending from opposite ends of the panel adapted to extend around the hips with the panel extending under and engaging the crotch of the wearer wherein the ends of said panel are disposed in the plane of said strips, said reinforced areas forming flat surfaces about which the anchoring tabs of a conventional sanitary pad may be folded in flatwise condition for disposing the pad flatwise throughout its length on the inner face of said panel, said reinforcing areas also forming flat surfaces for receiving pins by which the said anchoring tabs are securely though releasably secured to said areas.

Appellant's application describes a dual purpose undergarment which may be used and worn as an item of underwear or used as a holder for a sanitary napkin. The garment comprises an elongated main panel of lightweight washable fabric, shaped generally as a rectangle with opposed long concavely curved reinforced

side edges and opposed shorter straight front and back reinforced end edges. An elongated substantially rectangular elastic band or sub-panel transversely spans the entire width of the inner face of each straight end of the main panel. In other words, a sub-panel is sewed to the inner face of the main panel on each longitudinal edge which corresponds to each end of the main panel. The two side edges of each of the sub-panels are coextensive with only a short portion of the two side edges of the main panel. A pair of elastic strips provides a loop on each side of the main panel, each loop extending from the front to the back end edge of the main panel. Appellant points out in her brief that the sub-panels provide a reinforcement for engagement by a fastening means when the garment is used as a support for a sanitary pad, "with the fastening means being available to the outside of the panel and not to the inside."

The references relied on by the examiner and the board are:

| Des Rosiers | 1,110,674 | Sept. 15, 1914 |
| Ballard et al. | 2,011,027 | Aug. 13, 1935 |

The Des Rosiers patent discloses a catamenial bandage comprising a band of soft, impervious material. Figures 1 and 2 of the patent show the bandage to taper gradually from a front edge to a narrower back edge. Figure 2 indicates both edges to be reinforced by a hem. A catch is shown in said Figures at each extremity of the front edge. Each of these catches engages one end of a strap. Each of the other end of the straps is attached to an extremity of the hem at the back edge. The straps, which are elastic, form a belt that can be worn around the waist of the wearer's body. An absorbent member can be secured to the bandage.

The Ballard et al. patent discloses a sanitary garment comprising an elongated strip having concavely shaped front, back and two side edges with a middle portion made of rubberized silk and end portions of open weave absorbent fabric. A pair of elastic straps provide a loop on each side of the elongated strip extending from the back edge to the front edge of the strip. The straps are worn about the waist just above the hips.

Claims 1–3 stand rejected as unpatentable over Des Rosiers or Ballard et al. The examiner found every structural feature in appellant's claim 3, the most specific claim, to be disclosed by Des Rosiers. He considered the hems reinforcing the front and back edges of the Des Rosiers bandage to constitute the sub-panels as recited in the appealed claims which provide reinforced areas the entire width of the main panel. The examiner similarly found claim 3 to be met by Ballard et al. The board adopted the examiner's position as its own.

Appellant points out that the claimed device is designed to be supported from the hips instead of from the waist as are the devices in the references. She contends that the references' devices are not designed to have the ends of a sanitary pad folded around reinforced areas as is the claimed device. It is argued that the devices in the references do not provide reinforced areas of the nature of elongated bands transversely spanning the inner face at the opposite front and back ends of a main panel.

It appears that appellant predicates patentability on two principal features; namely, the elongated sub-panel, spanning the entire inner face at each end of the panel, and the horizontal placement of the strips which encircle the body when in use, in relation to the ends of the panel.

As to the first feature, Des Rosiers teaches this structure not only in his Figure 2 but spells it out in his specification wherein he says:

" * * * The front edge is reinforced by a hem, 3, of some elastic mate-

rial, preferably flat webbing, and is provided at each extremity with a catch, 8—8', engaging with the elastic straps, 7—7', permanently attached to or in prolongation of a hem or reinforcement, 12, at the rear end of the device. * * * "

The feature that the transverse sub-panels are placed on the "inner face of the panels" is found in Figure 1 of Des Rosiers. Furthermore, it is common practice to place a hem, whether reinforcing or otherwise, on the inner face of a garment. The limitation recited in claim 2 that these sub-panels shall be made of elastic material is also found in the above quoted portion of Des Rosiers' specification.

Coming now to the other feature, the placement of the encircling strips in relation to the ends of the panels, Des Rosiers teaches this structure in Figure 1. Therefore, a wearer of Des Rosiers' garment could just as readily wear the garment so that the bands would encircle the hips as the wearer of appellant's garment. It is true that the wearer of such a garment generally would want the panel to engage the crotch and wearing the Des Rosiers garment in this fashion could require the shortening of the panel. However, the shortening of the panel in Des Rosiers' structure so that the wearer could place the bands around the hips and at the same time have the panel engage the crotch, surely would not amount to a modification of patentable significance.

Assuming *arguendo* that the pressure of the bands on the abdomen at a time when the garment would ordinarily be used adds to the distress of the user as appellant contends, the suggestion to wear the band around the hips so that the pressure would be eliminated would be self-evident.

Claim 3 recites the same features as claims 1 and 2. However, it also adds a functional reference to

" * * *said reinforced areas forming flat surfaces about which the anchoring tabs of a conventional sanitary pad may be folded in flatwise

condition for disposing the pad flatwise throughout its length on the inner face of said panel, said reinforcing areas also forming flat surfaces for receiving pins by which the said anchoring tabs are securely though releasably secured to said areas."

It is obvious that Des Rosiers' structure could be used in the same manner which fact supports the conclusion that appellant has claimed nothing more than what one of ordinary skill in this art could have constructed with the teachings of Des Rosiers before him without the resultant structure having patentable distinction.

Since we find that the claimed subject matter is unpatentable over Des Rosiers, it becomes unnecessary to consider the Ballard et al. patent.

In view of the foregoing we *affirm* the decision of the board.

Affirmed.